Russell J. Singer

PO Box 485

Laguna Beach, California 92652

(949) 280-4336

russell@adobejudgmentcollections.com

Assignee of Judgment Creditor, In Pro Per



**FILED**

**MAY 0 8 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　　DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL J. SINGER, Assignee of Judgment Creditor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENNETH THOMAS BANKSTON, JR., an individual; LALI GHLONTI-BANKSTON, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:26 CV 1759 TLN SCR (PS)<br><br>(Related to Case No. 2:22-mc-00321-KJM-DB)<br><br>**COMPLAINT FOR:**<br><br>(1) Voidable Transfer — Actual Fraud (Cal. Civ. Code § 3439.04(a)(1));<br><br>(2) Voidable Transfer — Constructive Fraud (Cal. Civ. Code § 3439.04(a)(2));<br><br>(3) Voidable Transfer to Present Creditor (Cal. Civ. Code § 3439.05); and<br><br>(4) Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Russell J. Singer, Assignee of Judgment Creditor, appearing In Pro Per, alleges as follows:

## INTRODUCTION

1. This is an action to set aside a textbook fraudulent transfer and to enforce a registered federal judgment against the real property that secures it. Less than three years after a federal bankruptcy court entered a $98,645.35 judgment against Defendant Kenneth Thomas Bankston, Jr. ("Bankston") — and while that Judgment remained final, unsatisfied, and accruing interest — Bankston gifted a community-property interest in his long-held, separately-owned home to his spouse, Defendant Lali Ghlonti-Bankston ("Ghlonti-Bankston"), for no consideration. The Transfer was, by its own express terms, an "Inter vivos gift to spouse." Bankston continued, and continues, to live in the home. The Transfer bears multiple statutory "badges of fraud" and is voidable under California's Uniform Voidable Transactions Act, California Civil Code §§ 3439 et seq. Plaintiff Russell J. Singer, the assignee of the underlying federal judgment, brings this action under Federal Rule of Civil Procedure 69(a)(1) to set the Transfer aside, to enforce the registered Judgment against the Property, and to obtain related declaratory and provisional relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to enforce its registered judgment and to grant relief in aid of execution pursuant to Federal Rule of Civil Procedure 69(a)(1) and 28 U.S.C. § 1367. The Judgment underlying this action was entered by the United States Bankruptcy Court for the District of Nevada in Adversary Proceeding No. 21-01186-ABL on March 28, 2022, and was registered in this Court as a judgment of this Court under 28 U.S.C. § 1963 in Case No. 2:22-mc-00321-KJM-DB on October 27, 2022. This action is brought in aid of, and for the express purpose of enforcing, the registered Judgment. Federal Rule of Civil Procedure 69(a)(1) directs that proceedings

supplementary to and in aid of judgment "must accord with the procedure of the state where the court is located," thereby authorizing this Court to apply the California Uniform Voidable Transactions Act as the remedial mechanism for setting aside transfers that obstruct execution on the registered Judgment. Federal courts routinely entertain fraudulent transfer actions as proceedings supplementary to and in aid of execution under Rule 69(a)(1), exercising ancillary jurisdiction to vindicate prior federal judgments. To the extent supplemental jurisdiction is independently required, Plaintiff's claims are part of the same case or controversy as the registered Judgment within the meaning of 28 U.S.C. § 1367(a) because they seek to void a transfer of property by the judgment debtor for the express purpose of satisfying that Judgment. This Court also has ancillary enforcement jurisdiction to vindicate its prior judgment.

3.   Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Defendants reside in Solano County, California, which lies within the Eastern District of California pursuant to 28 U.S.C. § 84(b). The real property that is the subject of this action is located in this District, at 525 Wood Duck Drive, Suisun City, Solano County, California. A substantial part of the events and omissions giving rise to the claims asserted herein — including the recording of the voidable Transfer and the location of the Property — occurred in this District. Intra-district assignment to the Sacramento Division is appropriate under Local Rule 120(d) because Solano County lies within that Division.

**PARTIES**

4.   Plaintiff Russell J. Singer is an individual residing in California. Plaintiff is the Assignee of Judgment Creditor and is the real party in interest with respect to the judgment described herein, by virtue of an Assignment of Judgments executed on December 22, 2025, by Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Welscorp, Inc. and its related debtors. The Assignment of Judgments was filed on the docket of Case No. 2:22-mc-00321-KJM-DB on March

19, 2026, as Exhibit A to the Notice of Assignment of Judgment (Doc. 8). Plaintiff appears In Pro Per.

5. Defendant Kenneth Thomas Bankston, Jr. ("Bankston") is, and at all relevant times was, an individual residing at 525 Wood Duck Drive, Suisun City, Solano County, California 94585-2133. Bankston is the judgment debtor under the judgment described herein.

6. Defendant Lali Ghlonti-Bankston ("Ghlonti-Bankston") is, and at all times relevant herein was, an individual residing at 525 Wood Duck Drive, Suisun City, Solano County, California 94585-2133. Ghlonti-Bankston is the spouse of Defendant Bankston and is named as a Defendant herein because she is the transferee of the voidable transfer at issue and is therefore a necessary party under California Civil Code § 3439.07(a) and Federal Rule of Civil Procedure 19.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the transactions and occurrences alleged herein.

## FACTUAL BACKGROUND

### A. The Underlying Federal Judgment.

8. On March 28, 2022, the United States Bankruptcy Court for the District of Nevada entered a Judgment by Default Against Defendant Kenneth Bankston in Adversary Proceeding No. 21-01186-ABL, in the consolidated bankruptcy case styled In re Welscorp, Inc., Case No. BK-S-19-18056-ABL (Lead Case), in favor of Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee, and against Defendant Bankston, in

the principal amount of $98,645.35 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit 1.

9. On October 27, 2022, the Judgment was registered in this Court as a judgment of this Court pursuant to 28 U.S.C. § 1963 in Case No. 2:22-mc-00321-KJM-DB. The Judgment is final, has not been satisfied, vacated, modified, or stayed, and continues to accrue post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961.

10. On December 22, 2025, by Assignment of Judgments executed in Clark County, Nevada, Trustee Schwartzer assigned all right, title, and interest in the Judgment to Plaintiff. Plaintiff is now the judgment creditor of record. A true and correct copy of the Assignment of Judgments is attached hereto as Exhibit 2.

11. As of the date of filing of this Complaint, after credit for $2,577.00 collected, the principal balance remaining due on the Judgment is $96,068.35. The Judgment accrues post-judgment interest at the rate of 1.55% per annum pursuant to 28 U.S.C. § 1961(a), based on the weekly average 1-year constant maturity Treasury yield for the calendar week ending March 25, 2022 (the week preceding the date of entry of the Judgment). Interest is computed daily and compounded annually pursuant to 28 U.S.C. § 1961(b), with a current per-diem accrual on the unpaid principal balance of $4.08, in addition to compounded annual interest that has accrued from March 28, 2022 through the date of filing. Plaintiff also seeks recovery of costs of enforcement and other recoverable amounts pursuant to 28 U.S.C. § 1920 and applicable law.

**B.**     ***The Subject Property and Bankston's Sole Pre-Transfer Ownership.***

12. The real property that is the subject of this action is commonly known as 525 Wood Duck Drive, Suisun City, California 94585-2133, Assessor's Parcel Number 0173-141-030, more particularly described as Lot 87, as shown on the Map entitled "Dover Terrace South Unit No. 9, Suisun City, Solano County, California," filed in the Office of the Recorder of Solano County, California on May 3, 1978, in Book 34 of Maps, at

Page 57, together with the customary mineral-rights reservations of record (the "Property"). The legal description of the Property is attached hereto as Exhibit 3.

13. Bankston acquired sole title to the Property by Grant Deed recorded in the Official Records of Solano County on December 31, 2003, as Document No. 200300220523, for a purchase price of $290,000. From December 31, 2003, through January 24, 2025 — a period of more than twenty-one years — Bankston held sole title to the Property as his separate property and resided at the Property as his principal residence. At all times relevant herein, including in November 2021 when the Rocket Mortgage Deed of Trust described below was executed, Bankston was a married man. Notwithstanding his marital status, the Property remained titled exclusively in Bankston's name as his sole individual property, and was treated as Bankston's separate property by all parties of record. The Interspousal Transfer Deed described below itself expressly recites that Bankston was conveying the Property as "his individual property," and Defendant Ghlonti-Bankston signed and accepted the Transfer on that basis.

14. On November 4, 2021, Bankston executed a Deed of Trust securing a Note in the original principal amount of $313,800, with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Rocket Mortgage, LLC (then doing business as Quicken Loans, LLC), as the beneficiary of record, and Heather Lovier as Trustee. The Deed of Trust was recorded on November 19, 2021, in the Official Records of Solano County as Document No. 202100120476. On October 8, 2024, MERS, in its capacity as nominee for Rocket Mortgage, LLC, assigned its beneficial interest under the Deed of Trust to Rocket Mortgage, LLC, by Corporation Assignment of Deed of Trust recorded on October 10, 2024, in the Official Records of Solano County as Document No. 202400044622. The Rocket Mortgage Deed of Trust is, on information and belief, the sole senior consensual encumbrance on the Property as of the date of the Transfer at issue.

## C. *Plaintiff's Recorded Judgment Lien on the Property.*

15. On March 11, 2026, an Abstract of Judgment evidencing the Judgment was issued by the Clerk of this Court and recorded in the Official Records of Sacramento County, California, as Document No. 202603110731.

16. On March 31, 2026, the same Abstract of Judgment, re-certified by the Clerk of this Court on the same date, was recorded in the Official Records of Solano County, California, as Document No. 202600014622, thereby creating a judgment lien on all real property of Bankston in Solano County, including the Property, pursuant to 28 U.S.C. § 1962, by reason of the registration of the Judgment in this Court under 28 U.S.C. § 1963, and the recording of the Abstract of Judgment in Solano County in accordance with California Code of Civil Procedure § 697.310. A true and correct copy of the recorded Solano County Abstract of Judgment is attached hereto as Exhibit 4.

## D. *The Voidable Interspousal Transfer.*

17. On January 15, 2025 — less than three years after entry of the Judgment, while the Judgment was final and unsatisfied, and while Bankston knew or should have known that the Judgment was final and unsatisfied — Bankston executed an Interspousal Transfer Deed (the "Transfer") purporting to convey his sole, separate-property interest in the Property to himself and Ghlonti-Bankston as community property with right of survivorship. After more than twenty-one years of holding sole title to the Property as his separate property, Bankston, with the stroke of a pen and for no consideration, conveyed an interest in his most valuable asset to a spouse who had no prior recorded interest in the Property. The form of conveyance — community property with right of survivorship gifted to an insider — operates to obstruct execution by creditors seeking to satisfy debts owed solely by Bankston, and on information and belief, was structured for that purpose. The Interspousal Transfer Deed expressly checks the box for "Creation, transfer, or termination, solely between

spouses, of any co-owner's interest" as the asserted exclusion from reappraisal under California Revenue and Taxation Code § 63, confirming on the face of the document that the conveyance effected a transfer of an ownership interest from Bankston to Ghlonti-Bankston.

18. The Transfer was recorded on January 24, 2025, in the Official Records of Solano County as Document No. 202500003270. The Transfer recites a documentary transfer tax of $0.00, expressly claims exemption under California Revenue and Taxation Code § 11930 as an "Inter vivos gift to spouse," and recites no consideration of any kind. A true and correct copy of the recorded Interspousal Transfer Deed is attached hereto as Exhibit 5.

19. On information and belief, Bankston received no consideration, and certainly no "reasonably equivalent value" within the meaning of California Civil Code §§ 3439.03 and 3439.04(a)(2), in exchange for the Transfer. The Transfer was, by its own express terms, a gift to an insider — namely, Bankston's spouse — within the meaning of California Civil Code § 3439.01(c).

20. Both before and after the Transfer, Bankston has continuously resided at, and exercised possession and control over, the Property as his principal residence.

21. Plaintiff is informed and believes, and on that basis alleges, that the Transfer was made with the actual intent to hinder, delay, or defraud Plaintiff and other creditors of Bankston in the collection of their claims, and/or was made without receipt of reasonably equivalent value at a time when Bankston was insolvent or was rendered insolvent by the Transfer, or was engaged or about to engage in business or a transaction for which Bankston's remaining assets were unreasonably small in relation to such business or transaction, or intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. Plaintiff is further informed and believes, and on that basis alleges, that at all times relevant herein the Property is the primary or sole non-exempt asset of Bankston of

sufficient value to satisfy the Judgment, and that Bankston lacks other assets, separate or community, sufficient to satisfy the Judgment. The Transfer thus had the effect — and on information and belief, the intended effect — of removing from creditor reach the principal asset against which the Judgment could be satisfied. Any further transfer, encumbrance, refinancing, or dissipation of the Property during the pendency of this action would cause irreparable harm to Plaintiff, in that Plaintiff's ability to satisfy the Judgment from the Property — the principal source of recovery available to Plaintiff — would be impaired or defeated, and the resulting injury would be incapable of full compensation through a money judgment alone given Bankston's lack of other reachable assets.

22. The Transfer bears multiple statutory "badges of fraud" enumerated in California Civil Code § 3439.04(b), including, without limitation: (a) the Transfer was to an insider (Bankston's spouse), § 3439.04(b)(1); (b) Bankston retained possession and control of the Property after the Transfer, § 3439.04(b)(2); (c) before the Transfer was made, Bankston had been sued and a federal judgment had been entered against him, § 3439.04(b)(4); (d) the value of the consideration received by Bankston was not reasonably equivalent to the value of the asset transferred, § 3439.04(b)(8); and (e) on information and belief, Bankston was insolvent or became insolvent shortly after the Transfer was made, § 3439.04(b)(9). Additional indicia of fraudulent intent include: (f) the Transfer occurred approximately two years and ten months after entry of the Judgment, at a time when the Judgment remained final and unsatisfied and the original judgment creditor was continuing to pursue enforcement; (g) the Transfer affected substantially all of Bankston's reachable equity in real property and was directed at the single asset against which a judgment lien recorded in Solano County would attach; and (h) the Transfer was characterized on its face as exempt from documentary transfer tax as an "Inter vivos gift to spouse," confirming the absence of consideration.

**CAUSES OF ACTION**

## FIRST CAUSE OF ACTION

*Voidable Transfer — Actual Fraud*

(California Civil Code § 3439.04(a)(1))

(Against All Defendants)

23. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. At all times relevant herein, Plaintiff (and Plaintiff's assignor) held a "claim" against Bankston within the meaning of California Civil Code § 3439.01(b).

25. The Transfer described above constitutes a "transfer" within the meaning of California Civil Code § 3439.01(m), and was made by Bankston as "debtor" within the meaning of California Civil Code § 3439.01(e).

26. The Transfer was made with the actual intent to hinder, delay, or defraud Plaintiff and other creditors of Bankston, as evidenced by the badges of fraud enumerated in paragraph 22 above.

27. The Transfer is therefore voidable as to Plaintiff under California Civil Code § 3439.04(a)(1).

28. Plaintiff is entitled to all of the remedies provided by California Civil Code § 3439.07, including, without limitation: (a) avoidance of the Transfer to the extent necessary to satisfy Plaintiff's claim; (b) an attachment or other provisional remedy against the asset transferred or other property of the transferee; and (c) any other relief the circumstances may require, including the appointment of a receiver to take charge of the Property and a judgment for the value of the asset transferred or the amount necessary to satisfy Plaintiff's claim, whichever is less, against Ghlonti-Bankston as the first transferee.

## SECOND CAUSE OF ACTION

*Voidable Transfer — Constructive Fraud*

(California Civil Code § 3439.04(a)(2))

(Against All Defendants)

29. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22, inclusive, as though fully set forth herein.

30. Bankston made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer. The Transfer was, by its own terms, a gift to Bankston's spouse for no consideration.

31. On information and belief, at the time of the Transfer, Bankston (a) was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction, and/or (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due, including the unsatisfied Judgment held by Plaintiff's assignor.

32. The Transfer is therefore voidable as to Plaintiff under California Civil Code § 3439.04(a)(2), and Plaintiff is entitled to all of the remedies provided by California Civil Code § 3439.07.

### THIRD CAUSE OF ACTION

*Voidable Transfer to Present Creditor*

(California Civil Code § 3439.05)

(Against All Defendants)

33. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22, inclusive, as though fully set forth herein.

34. At the time of the Transfer, Plaintiff's assignor (Trustee Schwartzer) held the Judgment against Bankston, which had been entered nearly three years earlier and remained unsatisfied. Plaintiff's assignor was therefore a "creditor" of Bankston whose claim arose before the Transfer was made, within the meaning of California Civil Code § 3439.05(a).

35. Bankston made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer, and on information and belief, Bankston was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

36. The Transfer is therefore voidable as to Plaintiff under California Civil Code § 3439.05, and Plaintiff is entitled to all of the remedies provided by California Civil Code § 3439.07.

## FOURTH CAUSE OF ACTION

### *Declaratory Relief*

(28 U.S.C. § 2201; Cal. Code Civ. Proc. § 1060)

(Against All Defendants)

37. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22, inclusive, as though fully set forth herein.

38. An actual and present controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, regarding the validity of the Transfer, the priority and reach of Plaintiff's judgment lien against the Property, and the parties' respective rights, title, and interests in and to the Property. Declaratory relief is necessary to resolve this uncertainty regarding lien priority and Plaintiff's enforcement rights, which are not fully remedied by avoidance alone, particularly with respect to Ghlonti-Bankston's claimed community-property and right-of-survivorship interests and the manner in which Plaintiff's judgment lien recorded in Solano County attaches to the Property post-avoidance.

39. Plaintiff seeks a judicial declaration that: (a) the Transfer is voidable as to Plaintiff under California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2), and/or 3439.05; (b) the Transfer is set aside to the extent necessary to satisfy Plaintiff's claim; (c) for purposes of enforcement of the Judgment and Plaintiff's judgment lien recorded in Solano County, the Property is treated as Bankston's sole and separate property as it existed immediately prior to the Transfer; and (d) Plaintiff's judgment lien against the

Property is enforceable against the entire fee interest, free and clear of any community-property or right-of-survivorship interest purportedly conveyed to Ghlonti-Bankston by the Transfer.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an order avoiding and setting aside the Transfer (Solano County Recorder Document No. 202500003270, recorded January 24, 2025) to the extent necessary to satisfy Plaintiff's claim against Bankston, pursuant to California Civil Code § 3439.07(a)(1);

2. For a judicial declaration that, for purposes of execution on Plaintiff's Judgment and judgment lien, the Property is to be treated as the sole and separate property of Defendant Bankston as it existed immediately prior to the Transfer;

3. For a judicial declaration that Plaintiff's judgment lien recorded in Solano County on March 31, 2026 (Document No. 202600014622) attaches to the entire fee interest in the Property, free and clear of any community-property or right-of-survivorship interest purportedly conveyed to Defendant Ghlonti-Bankston by the Transfer;

4. For a temporary restraining order, preliminary injunction, attachment, or other provisional remedy preventing any further transfer, encumbrance, refinancing, or dissipation of the Property by either Defendant during the pendency of this action, pursuant to California Civil Code § 3439.07(a)(2) and (a)(3)(A) and Federal Rule of Civil Procedure 65;

5. In the alternative or in addition, for a money judgment against Defendant Lali Ghlonti-Bankston, as the first transferee of the Transfer, in an amount equal to the lesser of (a) the value of the asset transferred, or (b) the amount necessary to satisfy Plaintiff's claim, pursuant to California Civil Code § 3439.08(b);

6. For costs of suit incurred herein; and

7.     For such other and further relief as the Court deems just and proper.

<strong>DEMAND FOR JURY TRIAL</strong>

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: May 6, 2026

Respectfully submitted,

Russell J. Singer

PO Box 485

Laguna Beach, California 92652

(949) 280-4336

russell@adobejudgmentcollections.com

Assignee of Judgment Creditor, In Pro Per

<strong>VERIFICATION</strong>

I, Russell J. Singer, declare:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of May, 2026, at Laguna Beach, California.

Russell J. Singer

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of California

<table>
<tr><td>RUSSELL J. SINGER, Assignee of<br>Judgment Creditor,<br><br><br><hr><i>Plaintiff(s)</i><br>v.<br>KENNETH THOMAS BANKSTON, JR., an individual;<br>LALI GHLONTI-BANKSTON, an individual; and<br>DOES 1 through 10, inclusive,<br><hr><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* KENNETH THOMAS BANKSTON, JR.
525 Wood Duck Drive
Suisun City, California 94585-2133

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Russell J. Singer
P.O. Box 485
Laguna Beach, California 92652
Assignee of Judgment Creditor, In Pro Per

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Kenneth Thomas Bankston, Jr.

was received by me on *(date)*                                          .

❑ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| RUSSELL J. SINGER, Assignee of<br>Judgment Creditor,<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>KENNETH THOMAS BANKSTON, JR., an individual;<br>LALI GHLONTI-BANKSTON, an individual; and<br>DOES 1 through 10, inclusive,<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   LALI GHLONTI-BANKSTON
525 Wood Duck Drive
Suisun City, California 94585-2133

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Russell J. Singer
P.O. Box 485
Laguna Beach, California 92652
Assignee of Judgment Creditor, In Pro Per

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Lali Ghlonti-Bankston _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*


                               _____
                                                    *Printed name and title*


                               _____
                                                    *Server's address*

Additional information regarding attempted service, etc: